

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE CONVENIENT FOOD MART    )
FRANCHISE LITIGATION          )          DOCKET NO. 108

## OPINION AND ORDER

BEFORE ALFRED P. MURRAH, CHAIRMAN, AND JOHN MINOR WISDOM,
EDWARD WEINFELD*, EDWIN A. ROBSON*, WILLIAM H. BECKER,
JOSEPH S. LORD, III, AND STANLEY A. WEIGEL*, JUDGES OF
THE PANEL

PER CURIAM

    The four actions now before the Panel relate to the franchise operation of Convenient Food Mart, Inc. Three of the actions are brought by franchisees of Convenient or of its regional franchisors and the fourth is brought by one of Convenient's regional franchisors.[1] The Panel ordered the parties to these actions to show cause why the actions should not be transferred to a single district for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. §1407.

---

\* Although Judges Weinfeld, Robson and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

[1] Franchises to operate Convenient Food Marts are granted in two ways. Some store operators, like those in the Halverson case in the Northern District of Illinois, obtained their franchises directly from Convenient. Others, like the plaintiffs in the Illinois Worrell and Nebraska McCoy actions, received their franchises through intermediate regional franchisors such as Chicago Central C.F.M., Inc. and C.F.M. of Nebraska, Inc.

On the basis of the parties' written responses and the hearing on this matter, we conclude that the just and efficient conduct of the litigation and the convenience of the parties and witnesses require that all actions, except that action brought by a regional franchisor of Convenient, [2]/ be the subject of coordinated or consolidated pretrial proceedings in the Northern District of Illinois.

All three franchisee actions contain similar allegations concerning alleged antitrust violations by Convenient and the other defendants in the operation of the Convenient Food Mart franchise system. One of the central allegations is that Convenient and its regional franchisors illegally required the franchisees to purchase, sell and use products and equipment designated by it. Several plaintiffs have alleged that Convenient is owned and controlled by certain other defendants in order to provide a captive market for their products. And the plaintiffs in the McCoy and Halverson actions both seek to represent a class consisting of present and former franchisees of Convenient in asserting these allegations.

Defendants contend that each of these actions is brought principally against the regional franchisor and will not raise common issues of fact, but that contention is not

---

[2]/ Richard E. Snyder v. Convenient Food Mart, Inc., N.D. Ill., Civil Action No. 71 C 804.

persuasive on the facts outlined here. The question of Convenient's control of its regional franchisors is at issue in these cases and each of the franchisee plaintiffs has named Convenient a defendant in asserting the common allegations. Conflicting class representation claims are also asserted in two of the actions. Transfer is, therefore, necessary to avoid duplication of discovery and the possibility of inconsistent class determinations, see, e.g., In re Hotel Telephone Charge Antitrust Litigation, 341 F. Supp. 771 (J.P.M.L. 1972), and the Northern District of Illinois, where defendants' documents and the majority of witnesses are located, is the obvious transferee district for this litigation.

C.F.M. of Nebraska, Inc., the regional franchisor defendant in the McCoy action in Nebraska, asks that certain allegedly individual claims against it be remanded to Nebraska. Those claims are said to involve the contractual relationship between McCoy and C.F.M. and to be of no interest to the other parties. We are not convinced, however, that discovery concerning these claims will not overlap the other discovery to be conducted in the Northern District of Illinois. We think it best to deny defendants' motion for remand and to allow the transferee judge to determine whether discovery on these claims can be coordinated with the remaining discovery. If coordination is impossible or undesirable, the transferee judge can suggest to the Panel, at or before the conclusion of pretrial proceedings, that certain claims are appropriate for

remand. See Rule 15(c), Rules of the Judicial Panel on Multidistrict Litigation (amended August 30, 1972).

All parties oppose inclusion in coordinated and consolidated pretrial proceedings of the Snyder action, brought by a regional franchisor of Convenient, on the grounds that it raises no issues of fact common to the other actions and is far advanced in pretrial preparation. Since that action is pending in the transferee district, it will not be transferred. Whether the pretrial proceedings in the Snyder action should be included in consolidated or coordinated pretrial proceedings should be decided by the court of the transferee district.

IT IS THEREFORE ORDERED, that the action pending in the District of Nebraska and listed on the attached Schedule A be, and the same hereby is, transferred to the Northern District of Illinois and, with the consent of that court, assigned to Judge Richard B. Austin, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on the attached Schedule A.

IT IS FURTHER ORDERED, that the motion to remand certain claims pending in the action Rita J. McCoy, etc. v. Convenient Food Mart, Inc., et al., D. Nebraska, Civil Action No. 71-0-343, be, and the same hereby is, DENIED.

SCHEDULE A                                      DOCKET NO. 108

## DISTRICT OF NEBRASKA

Rita J. McCoy, etc. v. Convenient Food        Civil Action
Mart, Inc., et al.                             No. Civ-71-0-343

## NORTHERN DISTRICT OF ILLINOIS

Roger O. Halverson, et al. v. Convenient      Civil Action
Food Mart, Inc., et al.                        No. 70 C 499

David Worrell, et al. v. Convenient Food      Civil Action
Mart, Inc., et al.                             No. 72 C 1308